IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTINA PIERSON,                          :

              Plaintiff,                    :    Case No. 3:10cv219

      vs.                                   :    JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

              Defendant.                    :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #11) AND SUSTAINING
PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #12);
JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST
DEFENDANT COMMISSIONER, VACATING COMMISSIONER'S DECISION
THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT
ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND
REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT, PURSUANT
TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR FURTHER
PROCEEDINGS CONSISTENT WITH THIS OPINION; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner denying Plaintiff's application for Social

Security disability benefits.  On March 21, 2011, the United States Magistrate

Judge filed a Report and Recommendations (Doc. #11), recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled

to benefits under the Social Security Act be affirmed.  Based upon a thorough de

novo review of this Court's file, including the Administrative Transcript (filed with

Defendant's Answer at Doc. #4), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence, and, therefore, same is vacated and the captioned cause remanded to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion. The Plaintiff's Objections to said judicial filing (Doc. #12) are sustained.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a <u>de novo</u> review of those recommendations of the report to which objection is made. This <u>de novo</u> review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." <u>Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983); <u>Gibson v. Secretary of Health, Education and Welfare</u>, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The

Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of

-3-

Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.     Having reviewed the entirety of this Court's file, together with the Plaintiff's Objections (Doc. #12) to the Magistrate Judge's Report and Recommendations (Doc. #11), this Court finds itself in agreement with the objections posited by the Plaintiff, to wit:

a.     Apparently, the Administrative Law Judge relied primarily on the testimony of the Medical Advisor. Yet, that Medical Advisor, Dr. Buban, relied upon the wrong standard in opining that Plaintiff did not meet the relevant Listing.

-4-

b.      The Administrative Law Judge failed to give sufficient reasons for discounting or ignoring the testimony of treating psychiatrist Gollamudi with regard to Plaintiff meeting the relevant Listing.

c.      The Administrative Law Judge, while failing to give the treating physician's opinion controlling weight, failed to weigh the testimony of that medical professional in determining what weight should be given that opinion, under the factors set forth in the Commissioner's Regulations.  While the Magistrate Judge's analysis was on the basis of whether the opinion of non-disability was supported by substantial evidence, this analysis fails where there is a failure to follow the Defendant's own legal criteria, to wit: failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions.

2.      In this matter, given that evidence of disability is not overwhelming or, in the alternative, evidence of disability is not strong, where evidence to the contrary is lacking, a remand for further administrative proceedings, rather than one for the payment of benefits is warranted.    Faucher v. Secretary of Health and Human Services, 17 F.3d 171, 176 (6th Cir. 1994) .

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #11) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not

disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #12) are sustained. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 402(g), for further administrative proceedings consistent with this opinion including, but not limited to, reviewing the evidence of record with the proper legal criteria in mind and taking any and all steps necessary, including the taking of additional evidence, etc., to determine whether Plaintiff was under a disability and, therefore, entitled to benefits under the Social Security Act, during the relevant time period.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 27, 2011

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

-6-

Copies to:

Counsel of record